FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 19 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Miguel & Barbara Avila
6714 N. Monroe St.
Spokane, WA 99208
(509) 999-2428

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

G████ A████ a minor,                    )
by and through his parents,             )    Case No. : **CV-10-408-EFS**
MIGUEL AND BARBARA AVILA,               )
and on their own behalf,                )
                          Plaintiff,    )
                                        )  COMPLAINT
        v.                              )  "NOTICE OF APPEAL"
                                        )
Spokane School District #81             )
                          Defendant,    )
                                        )
                                        )

**JURISDICTION AND VENUE**

1.    The District Court has jurisdiction under 28 U.S.C. 1331, the
      individuals with Disabilities Education Act (IDEA), (20 U.S.C
      1400 et. seq.), (34 CFR 300 et. seq.), (Title 28A.155 et. seq.) of the
      Revised Code of Washington, (Chapter 392-172A et. seq.) of the
      Washington Administrative Code.

2.    This District has venue because Defendant is a resident of Spokane
      County, Washington.

Complaint                          - 1 -

**APPEAL OF FINAL ORDER**

3.  Pursuant to 20 U.S.C. 1415(i)(2), any party aggrieved by the final

decision may appeal by filing a civil action in a state superior court

or federal district court of the United States. The civil action must

be brought within ninety days after the ALJ has mailed the final

decision to the parties.

4.  Plaintiff's as an aggrieved party request a review of the; final

order, conclusions of law, findings of fact and procedural history

issued on August 25, 2010 by the Office of Administrative

Hearings for the State of Washington cause # 2010-SE-0044  That

order is attached and marked exhibit "A". Plaintiffs also request to

admit additional evidence.

**PARTIES**

5.  G███ A███ is a minor, born on September 18, 2001. He resides

with his parents, Miguel and Barbara Avila.  He is and at all times

relating to this matter has been a resident of Spokane, located in

Spokane County, in the State of Washington within Spokane

School District 81.  G███ is a child with a disability who is eligible

for services under the Individuals with Disabilities Education Act and a "qualified individual" under Section 504 of the Rehabilitation Act of 1973.

6. Miguel and Barbara Avila are the parents of G████ A███ and are responsible for his care, custody and control. The parents are residents in the Spokane School District #81 in Spokane County, Washington.

7. Defendant Spokane School District 81 is located in Spokane County. District headquarters is located at 200 N. Bernard Street Spokane Washington 99201-0282. Their attorney of record is Gregory L. Stevens 421 W. Riverside Ave, Suite 1575 Spokane WA 99201-0402.

Signed at Spokane, Washington on November 19, 2010

Miguel Avila  *pro se*

Complaint                          - 3 -



STATE OF WASHINGTON
## OFFICE OF ADMINISTRATIVE HEARINGS
*221 North Wall Street, Suite 540 • Spokane, Washington 99201-0826*
*(509) 456-3975 • FAX (509) 456-3980 • www.oah.wa.gov*

August 25, 2010



Parents
6714 N Monroe
Spokane WA 99208

Gregory L Stevens
Attorney at Law
Stevens ~ Clay ~ Manix
421 W Riverside Ave, Suite 1575
Spokane WA 99201-0402

Michael Ainsworth, Executive Director
Special Education
Spokane School District
200 N Bernard Street
Spokane WA 99201-0282

In re:   **Spokane School District, Special Education Cause No 2010-SE 0044**

Dear Parties:

Enclosed please find the Findings of Fact, Conclusions of Law, and Order in the above-referenced matter. This completes the administrative process regarding this case. Pursuant to 20 USC 1415(i) (Individuals with Disabilities Education Act) and/or RCW 34.05.510-598 (Washington Administrative Procedure Act) this matter may be further appealed to either a federal or state court of law.

After mailing of this Order, the file (including the exhibits) will be closed and sent to the Office of Superintendent of Public Instruction (OSPI). If you have any questions regarding this process, please contact Administrative Resource Services at OSPI at (360) 725-6133.

Sincerely:

David G. Hansen
Administrative Law Judge

cc:    Administrative Resource Services, OSPI
       Barb Cleveland, Executive Assistant, OAH
       Janice E. Shave, ALJ, OAH/OSPI Caseload Coordinator

EXHIBIT "A"          - 4 -

STATE OF WASHINGTON
OFFICE OF ADMINISTRATIVE HEARINGS
FOR THE SUPERINTENDENT OF PUBLIC INSTRUCTION

*MAILED*

*AUG 25 2010*

*Office of Administrative Hearings Spokane*

| | |
|---|---|
| IN THE MATTER OF:<br><br>SPOKANE SCHOOL DISTRICT | SPECIAL EDUCATION<br>CAUSE NO. 2010-SE-0044<br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW,<br>AND ORDER** |

David G. Hansen, Administrative Law Judge, ALJ herein, held a hearing on Monday, July 19, 2010 through Wednesday, July 21, 2010, in the above-referenced matter. The Parents[1] appeared and represented themselves. The Spokane School District, District herein, appeared and was represented by Gregory L. Stevens, Attorney at Law.

Parents' Exhibits P2, 7-14, 16, 18, 19, 22, 24, 30, 32, 35, 37, 40-42, 46, 79-40, 79-43, 79-56, 80, and 90 were admitted into the record. Parents' exhibits 4, 6, 21, 27, 28, 31, 33, 34, 38, 39, and 48 were not admitted. The District's exhibits 2, 4, 12, and 19 were admitted. Cori Valley (Certified School Psychologist), Barbara Tompkins (Speech and Language Pathologist), Paul Fawcett (Occupational Therapist), Elizabeth Pechous, Ph.D., (Intervention Specialist), Susan Bresnanhan (Special Education Coordinator), and Parents testified at the hearing.

## PROCEDURAL HISTORY

On April 26, 2010, the Parents filed a request for a due process hearing with the Office of Superintendent of Public Instruction, OSPI herein.  This due process hearing request was assigned Cause No. 2010-SE-0040.  On April 27, 2010, the Office of Administrative Hearings, OAH herein, mailed notice to the parties or their attorneys of record scheduling a pre-hearing telephone conference for Thursday, May 20, 2010, at 9:00 a.m.

In response to the Parents' April 19, 2010, request of the District for an Independent Educational Evaluation, IEE herein, of the Student at District expense, the District filed a request for a due process hearing on May 3, 2010, with OSPI.  This due process hearing request was assigned Cause No. 2010-SE-0044.  On May 4, 2010, OAH mailed notice to the parties or their attorneys of record scheduling a pre-hearing telephone conference for Thursday, May 20, 2010, at 9:00 a.m.  At the conclusion of the May 20, 2010, pre-hearing telephone conference the parties agreed to continue and reconvene the pre-hearing conference on Monday, May 24,

---

[1] In the interests of preserving the family's privacy, this decision does not name the parents or student. Instead, they are each identified as "Parents," "Mother," "Father," and/or "Student."

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 1     *EXHIBIT "A"*                              -5-

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

2010. At all times relevant to this matter the Parents appeared *pro se* and the District appeared and was represented by Gregory L. Stevens, Attorney at Law. A Pre-Hearing Order; Order of Continuance of Due Process Hearing Date; and, Order of Continuance of Due Date for Written Decision was issued on June 2, 2010. That Order consolidated the Parents' due process hearing request (2010-SE-0040) and the District's due process request (2010-SE-0044) for hearing.

By motion of the District dated June 17, 2010, a pre-hearing telephone conference was conducted on June 18, 2010. A Second Pre-Hearing Order; Order of Continuance of Due Process Hearing Date; and, Order of Continuance of Due Date for Written Decision was issued on June 22, 2010.

By motion of the District dated June 22, 2010, a pre-hearing telephone conference was conducted on June 25, 2010. A Third Pre-Hearing Order; Order of Continuance of Due Process Hearing Date; and, Order of Continuance of Due Date for Written Decision was issued on June 25, 2010.

On July 19, 2010, the first day of the due process hearing on this matter, Parents moved to amend their due process hearing request to include additional issues. The motion was granted and the matter proceeded on the District's due process hearing request, the matter no longer consolidated with the Parents' due process hearing request which was continued and rescheduled pursuant to a Fourth Pre-Hearing Order dated July 28, 2010.

## ISSUES

Is the District's April 28, 2010, reevaluation of the Student appropriate and are the Parents entitled to an Independent Educational Evaluation at the District's expense?

## FINDINGS OF FACT

1.    In October 2007 the Student was diagnosed with Asperger's Syndrome and was subsequently qualified for special education services under the eligibility category of autism. An additional diagnosis of Anxiety-NOS was given after the Student's participation in the B.E.S.T. (Behavioral Education Skills Training), a partial hospitalization program at Sacred Heart Medical Center in early 2008.

2.    The District has developed a program specifically designed for students with Asperger's Syndrome known as the ADAPT Program. The Student attended this program pursuant to his then Individualized Education Program, IEP herein, during the 2009-2010 academic school year, the Student's second grade year.

3.    On January 28, 2010, the District informed the Parents in writing that the District was proposing to initiate a reevaluation of the Student. Exhibit P7, p. 2. The notice provided a description of the District's proposed action; the reason for proposing the action; a description of other options considered and rejected; the reason for rejecting those options; and, a description

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 2    EXHIBIT "A"

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

-6-

of each evaluation procedure, test, record, or report the District used or planned to use. Per the Parents' request, the report provided that the assessments be done in short periods over separate days so as not to cause stress or frustration to the Student.

4.      Also on January 28, 2010, the Parents, along with necessary members of the Individualized Education Program Team, IEP team herein, completed a form entitled "Review for Reevaluation." Exhibit P7, p. 1. The document provided that in order to determine if the Student will continue to be a special education student and continue to need special education and related services in the goal areas of writing skills, and behavior/social skills. The IEP team participants were unable to determine the Student's present performance in academics due to the Student's recent absences from school. They were able to estimate the Student's writing skills at late first grade level and that his behavior/social skills continued to need support in working toward objectives. The Parent signed the Review for Reevaluation giving permission for the District to conduct the reevaluation.

5.      During February and March 2010, the District conducted their reevaluation of the Student. In conducting the reevaluation, the Student was not retested in the area of cognitive and intellectual functioning because previous testing in January 2008 indicated that the Student's full scale intelligence quotient was in the above average range. Additionally, cognitive and intellectual functioning was not addressed as an area of concern by the IEP team in late January 2010.

6.      In mid-February 2010, Cori Valley, Intervention Specialist, administered the Weschler Individual Achievement Test-Third Edition, WIAT-III herein, to the Student. The test was administered in four sections, one in the morning, one in the afternoon, on February 17 and on February 24, 2010. The areas of examination were written expression, math, and reading. At the time of the test the Student had returned to school from an approximate two-month absence. Ms. Valley is a certified school psychologist and possesses a master's degree. She has considerable experience with Asperger's Syndrome students and has her own private practice emphasizing work with autistic and Asperger Syndrome children.    She is knowledgeable in the administration of the WIAT-III. The WIAT-III found the Student to have reading difficulties, especially reading fluency and specific aspects of the coding. The Student's basic reading, reading comprehension, and fluency were found to be below average. Based upon the data collected from the test, teacher observation, and Parents' input, it was concluded that the Student continues to experience difficulty in reading ability.

7.      The WIAT-III showed that the Student performed well in basic sentence building tasks, but experienced significant difficulty when two or three sentences were to be combined. The Student's sentence building was found to be above average, but sentence combining below average. The WIAT-III, plus teacher and classroom observation, indicated that the Student would continue to require special education services in the area of written language.

8.      In the area of math, the Student performed at the average range for his age in math concepts, math problem-solving, and math computation. Classroom observation as well as the Parents' input indicates that despite the Student scoring in the average range in math, the Student frequently becomes frustrated and refused to do math assignments, either in the general education classroom or the ADAPT classroom. This behavior was found to negatively impact the Student's ability to progress in math.

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 3    EXHIBIT "A"                    -7-

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

9.    In the reevaluation process, the Student was observed over several days in a variety of settings and activities. Those settings included lunch time and recess, as well as the general education setting and the ADAPT classroom. It was observed that the Student did have some negative interaction with other students, but did exhibit growth in social behavior.

10.    A communication evaluation was performed to determine whether the Student was eligible for speech and language services. Specifically, the areas evaluated were articulation, language, voice, fluency, and oral motor skills. Tests were conducted and previous communication disorder assessments reviewed. The tests showed that the Student requires speech services to improve articulation skills. The Student's communication disorder was found to have educational significance in that it interfered with the Student's ability to communicate clearly and effectively, resulting in an adverse effect on the Student's educational performance.

11.    A Functional Behavior Assessment, FBA herein, was performed over a period of time, also in multiple settings. The FBA included a review of records, direct observation, as well as interviews with the Parents, staff, and students. The assessment was conducted by Ms. Valley. The FBA identified several antecedents to the Student's disruptive behavior that the IEP team intends to use to modify the Student's Behavior Intervention Plan, BIP herein.

12.    In early February 2010, the Student's fine motor skills and sensory skills were evaluated by Paul Fawcett. Mr. Fawcett is an Occupational Therapist possessing several years experience working with autistic children. He evaluated the Student's fine motor skills in writing sentences, as well as the ability to coordinate eye movement. Mr. Fawcett found both of these skills to be adequate. The Student scored in the average range on the Beery Developmental Test of Visual-Motor Integration. This test measures the Student's ability to integrate visual and fine motor skill abilities. Mr. Fawcett also consulted with the ADAPT program staff regarding the Student's fine motor skills. Mr. Fawcett concluded that the Student did not need specifically designed instruction for fine motor skills.

13.    Mr. Fawcett also evaluated the Student's sensory processing skills and how those skills affected the Student's performance. Mr. Fawcett also administered the Sensory Processing Measure, a standardized assessment tool in order to examine any sensory or environmental issues that may be impacting the Student's performance. In conjunction with these two assessments, he interviewed the Student's ADAPT program teacher, Sarah Beyers, and Ms. Valley. Mr. Fawcett concluded from the assessments and interviews that the Student had difficulty with the sensory processing in all areas.

14.    The reevaluation found no inconsistencies that would affect the Student's eligibility category, IEP goals, or placement recommendations. The reevaluation suggested as goals the improvement of the Student's reading skills, written language skills, math behavior skills, social thinking skills, behavior skills, and articulation. It was recommended that the services to the Student be in a combination of a general education setting, and the ADAPT program.

15.    Following the reevaluation and at the Parents' request, Ms. Valley conducted the Behavior Rating Inventory of Executive Functioning, BRIEF herein, on the Student. Exhibit D-19. The BRIEF is a set of questions for the parents and the teachers to assess a student's executive functioning at home and at school. It assesses a student's ability to inhibit, resist, or not act on impulse; the ability to move freely from one situation, activity, or aspect of a problem

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 4    EXHIBIT "A"

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

-8-

to another; the manifestation of executive functions and the ability to modulate or adjust emotion responses as appropriate; the ability to begin a task or activity, independently generate ideas, responses or problem-solving; the capacity to hold information for the purpose of completing a task, or carry out multi-task activities; the ability to manage current and future task-oriented demands such as setting goals; the ability to organize, keep track of, and clean up one's belongings; and, the ability to check on one's own performance during or after completing the task as well as one's own awareness of the effect that their behavior has on others.

16.    The BRIEF assessment found that the Student had difficulty in resisting impulses and recognizing potential consequences at school, and more so at home. The assessment showed that the Student struggles with moving from one activity to another, as well as shifting attention and focus. The Student exhibited significant difficulty controlling emotional responses and not over-reacting. The BRIEF assessment found that the Student had difficulties initiating tasks or activities, as well as difficulties in completing tasks. The assessment found that the Student had difficulty in planning and organizing matters. The assessment found the Student little difficulty with organization of materials and keeping track of his belongings. Lastly, the assessment demonstrated that the Student had the ability to check performance on tasks being performed and an awareness of the effect the Student's behavior may have on others in a school setting, but experienced difficulty in the home setting in these areas.

17.    On May 28, 2010, the District offered to conduct an evaluation of the Student for auditory processing skills. The Parents initially declined.

18.    In addition to Ms. Valley and Mr. Fawcett, Barbara Tompkins participated in the reevaluation. She is a speech and language pathologist with over 20 years experience. She has considerable experience working with autistic students, and performing evaluations of autistic children. Ms. Tompkins believes the District's reassessment of the Student is complete and appropriate, identifying all the special education and related services needs of the Student, and there is therefore no need for a neuropsychological assessment. Susan Bresnahan was part of the team that reevaluated the Student. She is the District's Special Education coordinator and has approximately 20 years experience as a school psychologist. She considers the reevaluation to be complete and thorough, and that a neuropsychological evaluation is therefore not necessary. Elizabeth Pechous, Ph.D. is a clinical psychologist. She testified at the hearing regarding her prior observations of the Student and having worked with the Student and attended the meetings regarding the Student. She is a consultant for the District and specializes in autism and autism spectrum disorders in her private practice. She has reviewed the reassessment and found it to be complete and thorough as well, and that there need be no independent neurological assessment of the Student. Both Ms. Valley and Mr. Fawcett considered the reevaluation comprehensive and therefore there was no need for an independent neurological assessment.

## CONCLUSIONS OF LAW

1.    The Office of Administrative Hearings has jurisdiction over the parties and subject matter of this action for the Superintendent of Public Instruction as authorized by 20 U.S.C. Section 1401 et.seq.   [Individuals with Disabilities Education Act (IDEA), formerly Education for All Handicapped Children Act], Chapter 28A.155 Revised Code of Washington (RCW), Chapter

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 5    EXHIBIT "A"

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

34.05 RCW, Chapter 34.12 RCW, and the regulations promulgated there under, including 34 Code of Federal Regulations (CFR) 300 *et.seq.*, and Chapter 392-172A Washington Administrative Code (WAC).

2.     The IDEA and its implementing regulations provide federal money to assist state and local agencies in educating children with disabilities, and condition such funding upon a state's compliance with extensive goals and procedures.   In *Hendrick Hudson District Board of Education vs. Rowley*, 458 U.S. 176, 102 S. Ct. 3034 (1982), the Supreme Court established both a procedural and a substantive test to evaluate a state's compliance with the Act, as follows:

> First, had the state complied with the procedures set forth in the Act?  And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?  If these requirements are met, the state has complied with the obligations imposed by Congress and the courts can require no more.

*Id.* at 458 U.S. at 207;103 S. Ct. at 3051.

3.     A "free appropriate public education" consists of both the procedural and substantive requirements of the IDEA (formerly the EHA).   The *Rowley* court articulated the following standard for determining the appropriateness of special education services:

> According to the definitions contained in the (Education for All Handicapped Children Act) a 'free appropriate public education' consists of education instruction specifically designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child 'to benefit' from the instruction.  Almost as a checklist for adequacy under the Act, the definition also requires that such instruction and services be provided at public expense and under public supervision, meet the State's educational standards, approximate the grade levels used in the state's regular education, and comport with the child's IEP.  Thus, if personalized instruction is being provided with sufficient supportive services to permit the child to benefit from the instruction, and the other items of the definitional checklist are satisfied, the child is receiving a 'free appropriate public education' as defined by the Act.

*Id.* at 458 U.S. at 188-189;103 S. Ct. at 3041-3042.

4.     The burden of proof in IDEA cases is on the party bringing the action. *Schaffer v. Weast*, 126 S. Ct. 528, 163 L. Ed. 2d 387 (2005). In this case, the District brought the action and has the burden of proof.

5.     The purpose of an evaluation is to determine whether a child has a disability, and the nature and extent of the special education and related services that the child needs. 34 C.F.R. § 300. 15, 300.301(c)(2);  WAC 392-172A-01070. Reevaluations are to determine a student's continuing eligibility for special education services and related services, or the nature of those services, and are to be conducted in accordance with WAC 392-172A-03020 through WAC 392-

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 6   *EXHIBIT "A"*

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

-10-

172A-03080. WAC 392-172A-03015. Federal and State regulations require a school district to evaluate or reevaluate a student, "in all areas of suspected disability." The evaluation and reevaluations must be sufficiently comprehensive to identify all of the child's special education and related services needs. 34 C.F.R. § 300.304(c)(4), (6); WAC 392-172A-03020(3)(e), (g). The evaluators must also use a variety of assessment tools and strategies to gather functional and developmental information about the child. 34 C.F.R. § 300.304(b)(1); WAC 392-172A-03020(2)(a).

6.      The IDEA and its implementing regulations provides federal money to assist state and local agencies in educating children with disabilities, and conditions such funding upon a state's compliance with extensive goals and procedures. There is both a procedural and a substantive test to evaluate compliance with the IDEA. Reviewing courts must inquire;

> First, has the State complied with the procedures set forth in the Act? And second, is the individualized education program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?

*Hendrick Hudson Dist. Bd. of Ed. v. Rowley*, 458 U.S. 176 (1982). "If a violation of the IDEA is found in either regard, the court shall 'grant such relief as [it] deems appropriate." *Hacienda La Puente Sch. Dist. of L.A. v. Honig*, 976 F.2d 487, 492 (9th Cir. 1992).

7.      An inquiry must be made into whether a school district has met the "rigorous procedural requirements of the IDEA" and any "State standards that impose a greater duty." *Union School Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994). If a school district cannot demonstrate that it has complied with the procedures in the IDEA and state education laws, the question of whether its proposed program meets the substantive benefit test need not be addressed. *W.G. v. Target Range Sch. Dist. No. 23, Bd. of Trustees*, 960 F.2d 1479, 1485 (9th Cir. 1992).

8.      Procedural violations do not automatically require a finding of a denial of FAPE. However, procedural violations that impede the student's right to FAPE, significantly impede the parent's opportunity to participate in the decision-making process regarding the provision of FAPE, or cause a deprivation of educational benefit clearly result in the denial of FAPE. 34 C.F.R. § 300.513(a)(2); WAC 392-172A-05105(2).

9.      A district is not obligated to provide the best instruction. FAPE does not mean the absolutely best or potential-maximizing education for the individual child. Districts must provide "'a basic floor of opportunity' through a program 'individually designed to provide educational benefit to the handicapped child." *Gregory K. v. Longview School Dist.*, 811 F.2d 1307, 1314 (9th Cir. 1987), citing *Rowley*, 458 U.S. at 201. FAPE is provided if the student derives more than minimal or trivial progress in a placement, considering the student's unique characteristics. *Florence County Sch. Dist. Four v. Carter*, 950 F.2d 156, 160 (4th Cir. 1991), affd. 510 U.S. 7 (1993).

10.     The parents of a student who is eligible for special education services has the right to request an IEE, either at their own expense, or the expense of the District. WAC 392-172A-05005(1). Under certain circumstances a parent also has the right to an IEE at public expense if

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 7    EXHIBIT "A"

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980 .

the parent disagrees with an evaluation conducted or obtained by the a district. WAC 392-172A-05005(2). Should a parent request an IEE at public expense, a district must do one of two things, either initiate a due process hearing to show that its "evaluation is appropriate" or ensure that an IEE is provided at public expense without unnecessary delay. WAC 392-172A-05005(c). If at a due process hearing a district establishes that its evaluation is appropriate, the parent still has the right to obtain an IEE but not at District expense. WAC 392-172A-05005(3).

11.     The evaluation and reevaluation procedures are detailed at WAC 392-172A-03020. A district must, among other things, employ a "group of qualified professionals" who in turn utilize a "variety of assessment tools and strategies to gather relevant functional, developmental, and academic information..." about a student. WAC 392-172A-03020(2). A district cannot "use any single measure or assessment as the sole criterion ... for determining an appropriate educational program for the student...." WAC 392-172A-03020(2)(b). Any assessments or evaluation materials used to assess a student must be "used for the purposes for which the assessments or measures are valid and reliable." WAC 392-172A-03020(3)(a)(iii). Assessments and evaluation materials are to be administered by "trained and knowledgeable personnel" and administered "in accordance with any instructions provided by the producer of the assessments." WAC 392-172A-03020(3)(i)(iv)(v). Assessment and evaluation material is to be "tailored to assess specific areas of educational need." WAC 392-172A-03020(3)(b). Lastly, in evaluating a student to determine continued eligibility for special education services a district shall insure that, "the evaluation is sufficiently comprehensive to identify all of the student's special education and related services needs, whether or not commonly linked to the disability category in which the student has been classified." WAC 392-172A-03020(3)(g).

12.     Part of the reevaluation process requires the IEP team to review existing evaluation data including "Evaluations and information provided by the parents of the student; current classroom-based, local, or state assessments and classroom-based observations; and observations by teachers and related services providers." WAC 392-172A-03025(1). Having conducted such a review, and with information provided by the parents, the IEP team makes a determination in the case of a reevaluation, of "whether the student continues to meet eligibility, and whether the educational needs of the student including any additions or modifications to the special education and related services are needed to enable the student to meet the measurable annual goals set out in the IEP of the student, as appropriate, in the general education curriculum." WAC 392-172A-03025(2)(a)(ii).

13.     Applying the above to the case at hand, the undersigned reaches the general conclusion that the District's April 28, 2010, reevaluation of the Student was appropriate and the Parents are not entitled to an Independent Educational Evaluation at the District's expense. No allegations of procedural violations were raised, therefore there will be no discussion of the reevaluation procedures used by the District. The District's reevaluation was conducted by "qualified professionals" using "a variety of assessment tools and strategies" designed to "gather relevant functional, developmental, and academic information" on the Student. The assessment tools used by the District were "valid and reliable" and administered by staff experienced and trained in the administration of the assessments and in accordance with the directions of the provider. Throughout the process the District reviewed existing assessment information, and reviewed and considered information from the Parents. Observations of the Student were

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 8    EXHIBIT "A"

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

-12-

likewise reviewed and considered. The reevaluation provided specific recommendations regarding the delivery of special education and related services to the Student.

14.    Those who testified at hearing on behalf of the District demonstrated an in-depth knowledge of the Student's qualifying category, namely Aspergers Syndrone, as well as those assessment tools utilized and not utilized in the reevaluation process. They credibly and persuasively testified that the reevaluation provided ample information for the IEP team to develop a meaningful IEP for the Student. With the exception of Dr. Pechous, their testimony revealed as thorough a familiarity and awareness of the Student and his diagnosis as one would expect of educational professionals. The credible evidence before the undersigned establishes that the District's reevaluation of the Student was sufficiently comprehensive to identify all of the Student's special education and related services needs and therefore an appropriate reevaluation.

## ORDER

District's April 28, 2010, reevaluation of the Student was appropriate and the Parents are not entitled to an Independent Educational Evaluation at the District's expense

Signed at Spokane, Washington on August 25, 2010.

David G. Hansen
Administrative Law Judge
Office of Administrative Hearings

////
////
////
////

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 9   EXHIBIT "A"

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

-13-

<u>Final Decision</u>

## <u>Further Appeal Rights: Information About Your Right To Bring A Petition For Reconsideration And Your Right To Bring A Civil Action</u>

### <u>Reconsideration</u>

This is a final administrative decision. Pursuant to RCW 34.05.470, either party may file a petition for reconsideration within 10 days after the ALJ has served the parties with the decision. Service of the decision upon the parties is defined as the date of mailing of this decision. A petition for reconsideration must be filed with the ALJ at his/her address and served on each party to the proceeding. A copy of the petition must be provided to OSPI, Administrative Resource Services. <u>The filing of a petition for reconsideration is not required before bringing a civil action under the appeal provisions of the IDEA.</u>

### <u>Right To Bring A Civil Action Under The IDEA</u>

Pursuant to 20 U.S.C. 1415(i)(2), any party aggrieved by this final decision may appeal by filing a civil action in a state superior court or federal district court of the United States. The civil action must be brought within ninety days after the ALJ has mailed the final decision to the parties. If a timely petition for reconsideration is filed, this ninety-day period will begin to run after the disposition of the petition for reconsideration pursuant to RCW 34.05.470(3). The civil action must be filed and served upon all parties of record in the manner prescribed by the applicable local state or federal rules of civil procedure. A copy of the civil action must be provided to OSPI, Administrative Resource Services.

### <u>CERTIFICATE OF SERVICE</u>

I certify that I mailed a copy of this order to the within-named interested parties at their respective addresses postage prepaid on the date stated herein. *Theresa L. Saak*

Copy mailed to:

Parents
6714 N Monroe
Spokane WA 99208

Gregory L Stevens
Attorney at Law
Stevens ~ Clay ~ Manix
421 W Riverside Ave, Suite 1575
Spokane WA 99201-0402

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 10    *EXHIBIT "A"*

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

Michael Ainsworth, Executive Director
Special Education
Spokane School District
200 N Bernard Street
Spokane WA 99201-0282


cc:    Administrative Resource Services, OSPI
       Barb Cleveland, Executive Assistant, OAH
       Janice E. Shave, ALJ, OAH/OSPI Caseload Coordinator

Findings of Fact, Conclusions of Law and Order
Cause No. 2010-SE-0044
Page 11  EXHIBIT "A"

Office of Administrative Hearings
221 N. Wall St., Suite 540
Spokane, WA 99201-0826
(509) 456-3975 / 1-800-366-0955
FAX (509) 456-3980

-15-