UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| G. A. a minor, by and through his parents, MIGUEL & BARBARA AVILA,<br><br>                   Plaintiffs,<br><br>     v.<br><br>SPOKANE SCHOOL DISTRICT #81,<br><br>                   Defendant. | NO. CV-10-408-EFS<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT MOTION FOR SPECIAL EXEMPTION FROM LOCAL RULE 7.1** |

Before the Court, without oral argument, are Plaintiffs' Motion to Amend Complaint, ECF No. 7, and Motion for Special Exemption From Local Rule 7.1, ECF No. 16.  Plaintiffs move to amend the Complaint after recent consolidation of two related claims.  ECF No. 7.  And recognizing that they failed to comply with Local Rule (LR) 7.1 in connection with their motion to amend, they ask for special exemption from that rule.[1]

---

[1] Plaintiffs failed to file a memorandum of points and authorities in connection with their Motion to Consolidate Cases and A[]mend Complaints, ECF No. 7, and, thus, did not comply with LR 7.1(e).  See LR 7.1(e) ("A failure to timely file a memorandum of points and authorities in support of . . . any motion may be considered by the Court as consent

ECF No. 16.  Also before the Court is Defendant Spokane School District #81's ("District") Motion for Judgment on the Pleadings, ECF No. 10, which asks the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(c) because Plaintiffs lack capacity to sue and fail to assert facts sufficient to state a claim.  After reviewing the submitted materials and relevant authority the Court is fully informed and grants and denies in part Defendant's motion and grants Plaintiffs' motions.

**A.  Background**[2]

---

on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default.").  Despite Plaintiffs' non-compliance with LR 7.1(e), the Court finds good cause to consider Plaintiffs' motion to amend, ECF No. 7, in this instance.  The Court cautions Plaintiffs that all future filings must comply with the Local Rules.

[2] The "background" section is based on the Complaint's, ECF No. 1, factual allegations.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  It is also based on the Findings of Fact, Conclusions of Law, and Order attached as exhibit A to the Complaint, ECF No. 1, Ex. A.  *See Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) (holding that the court may take judicial notice of matters of public record in the context of a motion to dismiss made pursuant to Rule 12(b)(6) without converting it into a summary-judgment motion under 12(c)); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

G.A., who suffers from Asperger's Syndrome, is a special education student at an elementary school within the District.  During the 2009-2010 school year (his second grade year) G.A. participated in the ADAPT Program[3] pursuant to his then Individualized Education Program (IEP).  In April 2010, the District reevaluated G.A.; the District recommended that "the services to the student be in a combination of a general education setting and the ADAPT program."  ECF No. 1.  G.A.'s parents, Plaintiffs Miguel and Barbara Avila, then requested an Independent Educational Evaluation (IEE) at the District's expense, which the District declined to provide.

A due process hearing before the Office of Administrative Hearings was held, which addressed whether: 1) the District's April 28, 2010 reevaluation of G.A. was appropriate and 2) G.A.'s parents were entitled to an IEE at the District's expense.  The Administrative Law Judge (ALJ) held that the District's reevaluation of G.A. was appropriate and his parents were not entitled to an IEE at the District's expense.  The ALJ reasoned that the reevaluation was proper because it was conducted by "qualified professionals" using "a variety of assessment tools and strategies" designed to "gather relevant functional, developmental, and academic information" on the student.  ECF No. 1.

---

*Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (citing a case discussing Rule 12(b)(6) in the context of a Rule 12(c) motion for judgment on the pleadings).

[3] ADAPT (Autism Demands Adaptive Pro-Social Training) is a District program specifically designed for students with Asperger's Syndrome.

On November 19, 2010, G.A., by and through his parents, and on their own behalf, filed a Complaint, CV-10-408-EFS, ECF No. 1, appealing the ALJ's decision. The Complaint seeks redress under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(I), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, alleging the District deprived G.A. of his right to a free appropriate public education (FAPE). A subsequent complaint, CV-11-165-EFS, ECF No. 1, was filed in April 2011, also appealing the ALJ's decision but additionally requesting: 1) review of the defense counsel's misconduct, and 2) the Court consider additional evidence. On June 7, 2011, the Court consolidated these two cases and held in abeyance Plaintiff's motion to amend his complaint. ECF No. 14. Plaintiffs prosecute this matter pro se.

**B.  Defendant's Motion for Judgment on the Pleadings**

Defendant moves under Rule 12(c) for judgment on the pleadings on two independent grounds: first, G.A., as a minor child without counsel, and his parents, as pro se litigants, lack the capacity to sue; and second, the District is entitled to judgment on the pleadings because Plaintiffs failed to state a claim upon which relief can be granted. ECF No. 11. Plaintiffs did not respond to the District's Rule 12(c) motion.

1. <u>Standard</u>

Rule 12(c) provides: "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[J]udgment on the pleadings "is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996). Where a defendant

1  moves for judgment on the pleadings, all facts alleged in the complaint
2  are accepted as true and are construed in the light most favorable to the
3  plaintiff.  *See Gen. Conference Corp. of Seventh-Day Adventists v.*
4  *Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.
5  1989).  "Because the motions are functionally identical, the same
6  standard of review applicable to a Rule 12(b)(6) motion applies to a Rule
7  12(c) motion."  *Munoz v. PHH Corp.*, 659 F. Supp. 2d 1094, 1096 (E.D. Cal.
8  2009).  Accordingly, a court "may dismiss a complaint as a matter of law
9  for . . . insufficient facts under a cognizable legal claim."  *SmileCare*
10 *Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th
11 Cir. 1996); see also Fed. R. Civ. P. 12(h)(2)(B).

   2.   <u>Capacity to Sue</u>

13      Defendants argue that Plaintiff's Complaint should be dismissed
14 because Mr. and Mrs. Avila lack capacity to sue.  The Court disagrees.
15 Although a minor child cannot proceed without representation, an adult
16 litigant may represent herself in federal court.  28 U.S.C. § 1654.  The
17 IDEA grants parents of a disabled child "independent, enforceable"
18 rights; thus, parents may proceed on their own behalf to enforce their
19 substantive right to a FAPE for their child.  *See Winkelman v. Parma City*
20 *Sch. Dist.*, 550 U.S. 516, 533 (2007) (reversing the Sixth Circuit's
21 decision to dismiss appeal for lack of counsel when parents of disabled
22 child prosecuted IDEA claims pro se); *see also Maroni v. Pemi-Taker Reg.*
23 *Sch. Dist.*, 346 F.3d 247, 249 (2003) (recognizing the IDEA provides
24 parents substantive rights as well as rights to procedural and
25 reimbursement-related matters).  Accordingly, because Mr. and Mrs. Avila

are named plaintiffs in this action, they can pursue an IDEA claim on their own behalf without assistance of counsel.

Neither Mr. and Mrs. Avila nor G.A. may litigate any claim for damages G.A. pursues on his own behalf without assistance of counsel. While the Supreme Court in *Winkelman*[4] declined to address the question of whether the IDEA allows parents to litigate their child's claims pro se, case law is clear that G.A., as a minor child, must be represented by an attorney to prosecute any claim for damages on his own behalf. *See Ponce v. Clovis Unified Sch. Dist.*, No. 09-2142, 2010 WL 843323 (E.D. Cal. Mar. 10, 2010) (dismissing the complaint and holding that two minor brothers, who were not pursuing relief by and through their parents, guardian ad litem, or counsel, did not have the capacity to sue pro se); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (noting "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). Because G.A. is a minor who is neither represented by a guardian ad litem[5] nor counsel, the Court dismisses any claim for his own damages. In addition, the Court dismisses any claim for damages Mr. and Mrs. Avila claim on G.A.'s behalf.

In sum, if G.A. intends to pursue his own claim for damages he must be represented by counsel. If, however, only his parents seek relief under the IDEA (as in *Winkelman*) on their own behalf, then a lawyer need

---

[4] 550 U.S. 516.

[5] The Court will discuss the need and procedure for obtaining a guardian ad litem in this case at the August 31, 2011 telephonic scheduling conference.

1 not be hired.⁶  Accordingly, the District's motion for judgment on the
2 pleadings is granted and denied in part.
3     3.   <u>Failure to State Claim</u>
4     The District also seeks dismissal because Plaintiffs have failed to
5 state a claim under the IDEA.  Rule 8's notice pleading standard requires
6 that a "claim for relief" must contain "a short and plain statement of
7 the claim showing that the pleader is entitled to relief."  Fed. R. Civ.
8 P. 8(a)(2).  In assessing whether Rule 8(a)(2) is satisfied, the Court
9 first identifies the elements of the asserted claim based on statute or
10 case law.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The
11 Court then identifies the complaint's factual allegations and the legal
12 conclusions:  the Court accepts the factual allegations as true and
13 disregards the legal conclusions.  *See id*.  Then, assuming the veracity
14 of the complaint's factual allegations, the Court determines whether they
15 plausibly give the right to an entitlement to relief.  *See id.*  Detailed
16 factual allegations are not required, but "[t]hreadbare recitals of the
17 elements of a cause of action, supported by mere conclusory statements,

---

⁶ Legal representation is always helpful to non-attorney litigants. Therefore, the Court encourages Plaintiffs to seek legal assistance. The Court suggests that Plaintiffs contact Coordinated Legal Education Advice and Referral center (CLEAR) (888-201-1014) or Gonzaga University Legal Services (509-313-5791).  Information about CLEAR and the Northwest Justice Project is available at www.nwjustice.org; other legal information may be accessed online at www.washingtonlawhelp.org.

do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiffs' Complaint, ECF No. 1, fails to allege facts to put the District on notice as to the substance of their claims. Plaintiffs appeal the ALJ's Findings of Fact, Conclusions of Law, and Order ("ALJ's Order"), ECF No. 1, Ex. A, under 20 U.S.C. § 1415(i)(2). Yet Plaintiffs fail to identify which portions of the ALJ's Order Plaintiffs appeal and on what grounds. For example, Plaintiffs fail to state whether they challenge the *content* or *implementation* of the IEP. *See Van Duyn v. Baker Sch. Dist.*, 502 F.3d 811, 818 (9th Cir. 2007) (distinguishing between challenging a school district's creation of the content and implementation of the IEP). Accordingly, the District's motion for judgment on the pleadings for failure to state a claim is granted.

**C.  Plaintiff's Motion to Amend the Complaint**

Federal Rule of Civil Procedure 15 governs amendment of pleadings. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Further, in order to allow for a decision on the merits, Rule 15 is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

The following guidance was provided to district courts by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

> virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052; *see Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).

The Court finds that all *Foman* factors weigh in favor of granting leave to amend the complaint. Because this case is in its infancy, there is no evidence that Plaintiffs unduly delayed in seeking amendment or sought amendment in bad faith. Furthermore, the District will not be prejudiced by amendment. The new claims, similar to the current claims, are related to the alleged violation of the IDEA and Plaintiff's right to a FAPE. No additional parties will be added. Although the new claims may require some additional discovery, the Court finds the District will not be prejudiced by the Court allowing the amendment because discovery has not yet commenced. Finally, there is no evidence amendment will be futile. Accordingly, the Court grants Plaintiffs leave to amend the complaint.

If Plaintiffs choose to file an amended complaint asserting a claim for damages by G.A., then the amended complaint must be filed by a lawyer. But if G.A.'s parents, by themselves, seek only to enforce their own rights under the IDEA, then they may file an amended complaint pro se. In any event, the amended complaint shall consist of a **short** and **plain** statement showing that the Plaintiffs are entitled to relief and shall be filed under **cause number CV-10-408-EFS only** and **NO LATER THAN October 3, 2011.** Plaintiffs shall allege with specificity the factual basis for the

claim (i.e. identify which portions of the ALJ's Order they appeal and on what grounds) and the basis for federal subject-matter jurisdiction. The factual allegations shall be set forth in separate numbered paragraphs. **This amended complaint will operate as a complete substitute for (rather than a supplement to) the present Complaint.**

The first amended complaint must comply with both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Washington. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of procedure that govern other litigants). Plaintiffs may contact the Clerk's Office to obtain a copy of the Local Rules.

The amended complaint must be legibly retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and cause number CV-10-408-EFS must be written in the caption.**

**Plaintiffs are cautioned that if they fail to amend on or before October 3, 2011, as directed, the Court will dismiss the complaint for failure to state a claim.**

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Amend Complaint, **ECF No. 7**, is **GRANTED**.

2. Plaintiffs' Motion for Special Exemption From Local Rule 7.1, **ECF No. 16**, is **GRANTED**.

3. The District's Motion for Judgment on the Pleadings, **ECF No. 10**, is **GRANTED AND DENIED IN PART**.

4.  A telephonic scheduling conference remains set for **August 31, 2011, at 10:30 a.m.  THE PARTIES ARE DIRECTED TO CALL THE COURT'S PUBLIC CONFERENCE LINE 1-888-363-4749 AT THE TIME SPECIFIED FOR HEARING. WHEN PROMPTED PLEASE ENTER ACCESS CODE 8902519 AND SECURITY CODE 1030.**

**DATED** this    2nd     day of August 2011.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                        United States District Judge


Q:\Civil\2010\408.Amend.Dismiss.wpd