1

2

3

4

5                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
6

7   G. A. a minor, by and through
    his parents, MIGUEL & BARBARA
8   AVILA,                                NO. CV-10-408-EFS

9             Plaintiffs,
                                          **ORDER MEMORIALIZING ORAL**
10        v.                              **RULINGS FROM AUGUST 31, 2011**
                                          **HEARING**
11  SPOKANE SCHOOL DISTRICT #81,

12            Defendant.

13

14       A telephonic scheduling conference was held in this matter on August

15  31, 2011.  Pro se Plaintiffs Miguel and Barbara Avila ("Plaintiffs") were

16  present, and Gregory Stevens was present on behalf of Defendant Spokane

17  School District #81 ("the District").  During the hearing, the Court made

18  several oral rulings with respect to scheduling matters.  This Order

19  memorializes the Court's oral rulings and provides Plaintiffs a basic

20  overview of procedures for seeking appointment of a guardian ad litem for

21  G. A.

22  **I.    DEADLINE FOR FILING AMENDED COMPLAINT**

23       As noted during the August 31, 2011 hearing, if Plaintiffs wish to

24  file an amended complaint, they must do so by December 5, 2011.  Pursuant

25  to the Court's August 2, 2011 Order, ECF No. 18, and Federal Rule of

26

ORDER ~ 1

1  Civil Procedure 8, Plaintiffs' amended complaint must contain a "short

2  and plain statement of the claim showing that the pleader is entitled to

3  relief."  This short and plain statement must allege sufficient facts to

4  put Defendant on notice as to the substance of the claims, and must

5  plausibly give Plaintiffs the right to an entitlement to relief.  *See*

6  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1939 (2009).

7      If Plaintiffs choose to sue on G. A.'s behalf, the complaint must

8  also be filed by December 5, 2011.  As noted in the Court's August 2,

9  2011 Order, and at the August 31, 2011 hearing, Plaintiffs may not

10 represent G. A.  G. A. must have legal representation if he/she is to be

11 a party in this matter; such representation may be on behalf of G. A.

12 alone, or on behalf of both G. A. and Plaintiffs, but plaintiffs may not

13 represent G. A. as pro se litigants.  Furthermore, if Plaintiffs decide

14 to file suit on G. A.'s behalf, Plaintiffs must either seek appointment

15 of a guardian ad litem or petition the Court to dispense with the

16 requirement.  *See infra* Section III.

17     The Court notes in passing that under *Winkelman ex rel. Winkelman*

18 *v. Parma City School District*, 550 U.S. 516 (2007), parents of children

19 who fall within the ambit of the Individuals with Disabilities Education

20 Act (IDEA) have independently enforceable rights that "encompass the

21 entitlement to a free appropriate public education for [their] child."

22 *Id.* at 533.  "[T]he statute confers those rights on the parents of

23 disabled children as well as on the children themselves."  *Blanchard v.*

24 *Morton Sch. Dist.*, 509 F.3d 934, 936-37 (9th Cir. 2007).  Thus, it

25 appears that Plaintiffs may seek the same remedies as pro se plaintiffs

26 suing in their own capacity that they could seek by suing on behalf of

G. A. in a representative capacity.
ORDER ~ 2

1  **II.   MOTIONS TO EXPAND RECORD**

2       Under the IDEA, district courts hearing appeals of a state hearing

3  examiner's decision "shall receive the records of the administrative

4  proceedings," and "shall hear additional evidence at the request of a

5  party."   20 U.S.C. § 1415(i)(2)(C)(i) & (ii).   The district court must

6  admit additional evidence that is non-cumulative, relevant, and otherwise

7  admissible.   *EM. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist.*, ___

8  F.3d ___, 2011 WL 2714168 at *4-6 (9th Cir. 2011).   Additional evidence

9  is not required to be "necessary to evaluate the ALJ's determination" in

10  order to be admitted, but the Court "need not consider evidence that

11  simply repeats or embellishes evidence taken at the administrative

12  hearing."   *Id.*

13       If either party wishes to admit evidence not contained in the

14  administrative record, they must request permission to do so by filing

15  a motion no later than February 6, 2012.   This motion should set forth

16  the grounds for admission of the evidence, including a brief statement

17  of: 1) why such evidence does not duplicate evidence presented before the

18  administrative law judge; 2) why such evidence is relevant; and 3) why

19  such evidence is admissible under the rules of evidence.   Motions to

20  admit evidence shall not exceed twenty (20) pages in length.

21       Responses to motions to admit additional evidence must be filed

22  within seven (7) days.   The Court will not consider reply memoranda.[1]

23  _____

24       [1] The parties will note that these page limits and deadlines differ

25  from those set forth in Local Rule 7.1.   With respect to all other

26  deadlines and page limits not modified by Court order, the parties are

expected to conform with Local Rule 7.1.
ORDER ~ 3

1   **III. GUARDIAN AD LITEM PROCEDURE**

2       As noted during the hearing, under Federal Rule of Civil Procedure

3   17(c), a minor who does not have an appointed representative may sue by

4   a guardian ad litem.   The guardian ad litem must be formally appointed

5   by the Court, and serves to protect the interests of the child. Fed. R.

6   Civ. P. 17(c)(2); *see also Belinda K. v. Cnty. of Alameda*, 10-CV-05797-

7   LHK, 2011 WL 2690356 at *4 (N.D. Cal. July 8, 2011).

8       Local Rule 17.1 details the procedures to be followed when a minor

9   files suit.   First, the minor must file suit.   As noted in the Court's

10  August 2, 2011 Order, a parent or guardian cannot bring an action on

11  behalf of a minor child without retaining a lawyer.   *See Johns v. Cnty.*

12  *of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).   Second, at the time

13  the action is commenced, counsel for the minor plaintiff must submit to

14  the   Court   a   list   of   three   or   more   attorneys,   including   their

15  qualifications,  who  are  willing  to  serve  as  guardian  ad  litem.    LR

16  17.1(a).   Third, counsel for the minor must petition the Court to appoint

17  a guardian ad litem to represent the minor's interest.   *Id.*   Finally,

18  Local Rule 17.1(a) provides that "[u]pon a showing of good cause, the

19  Court may dispense with the appointment of a guardian ad litem." *Id*.

20      By providing this brief overview of the appointment procedure for

21  guardians ad litem, the Court expresses no indication as to whether it

22  believes Plaintiffs should file a complaint on behalf of G. A.   Though

23  it appears that Plaintiffs have no conflict in interest with G. A. and

24  could act to protect his interest, that Court expresses no indication

25

26

ORDER ~ 4

1  whether it believes good cause exists to dispense with the guardian ad

2  litem requirement.[2]

3      **IT IS HEREBY ORDERED:**

4      1.  Plaintiffs Miguel and Barbara Avila's amended complaint, if any,

5  must be filed **no later than December 5, 2011, at 5:00 p.m.**

6      2.  A complaint filed on behalf of Plaintiff G. A., if any, must

7  also be filed **no later than December 5, 2011, at 5:00 p.m.**

8      3.  Motions by either party to admit additional evidence must be

9  filed **no later than February 6, 2012, at 5:00 p.m., and must be limited**

10  **to twenty (20) pages.  Responsive memoranda must be filed within seven**

11  **(7) business days.**  No reply memoranda will be considered.

12      **IT IS SO ORDERED.**  The District Court Executive is directed to enter

13  this Order, distribute a copy to counsel for Defendant, and to mail a

14  copy to Plaintiffs at their new address:

15          4635 Williams Valley Rd.
            Clayton, WA 99110

16

17      **DATED** this _____ 6th _____ day of September 2011.

18

19                         S/ Edward F. Shea
                           EDWARD F. SHEA
20                    United States District Judge

21  Q:\Civil\2010\408.sched.order.lc2.wpd

22  ────────────────────

23      [2]  The Court notes that Plaintiffs may choose to solicit assistance

24  in selecting a guardian ad litem or obtaining counsel from the Gongaza

25  University   School   of   Law   Center   for   Law   and   Justice.   *See*

26  http://www.law.gonzaga.edu/Academic-Program/law_clinic/default.asp.

ORDER ~ 5